UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**
VANESSA L. ARMSTRONG, CLERK

OCT 3 1 2012

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

GREGORY WILLIAMS GATEWOOD

PLAINTIFF

v.

CIVIL ACTION NO. 3:09CV-299-S

OFFICER KATIE MATHENEY

DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty

to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law

to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the

instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You

must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence

I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and

the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that

controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the

testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

<u>Instruction No. 1</u>

*42 U.S.C. § 1983*

The plaintiff, Gregory Gatewood, claims that the defendant, Officer Katie Matheney, while acting "under color of state law," intentionally deprived Gatewood of rights under the Constitution of the United States. Gatewood claims that Officer Matheney, while acting under color of authority of the Commonwealth of Kentucky, as a member of the Louisville Metro Police Department, intentionally violated his constitutional rights. The constitutional rights that Gatewood claims Officer Matheney violated are these:

1. The right not to be deprived of liberty without due process of law; and

2. The right not to be subjected to an unreasonable search.

Under the Constitution of the United States, a citizen has both the right to his liberty and the right not to be arrested without due process of law. He also has the right under the Constitution not to be subjected to an unreasonable search.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates his rights under the Constitution of the United States. Gatewood must prove each of the following by a preponderance of the evidence; that is, that it is more likely true than not true that:

1. Officer Matheney intentionally committed acts that violated one or more of Gatewood's Federal constitutional rights that I have described to you;

2. In so doing, Officer Matheney acted "under color" of the authority of the Commonwealth of Kentucky;

AND

- 3 -

3. Officer Matheney's acts were the legal cause of Gatewood's damages.

State or local officials act "under color" of the authority of the State when they act within the limits of their lawful authority. However, they also act "under color" of the authority of the State when they act without lawful authority or beyond the bounds of their lawful authority if their acts are done while the officials are purporting or pretending to act in the performance of their official duties. An official acts "under color" of state authority if he abuses or misuses a power that he possesses only because he is an official.

The first aspect of Gatewood's claim is that he was arrested and deprived of liberty "without due process of law." This means he was deprived of liberty without authority of law. You must first decide whether Officer Matheney committed the acts that Gatewood claims she committed; and, if so, you must then decide whether Officer Matheney was acting within or beyond the bounds of her lawful authority under State law. If Officer Matheney acted within the limits of her lawful authority under State law, then she did not deprive Gatewood of any right "without due process of law."

In that regard, you are instructed that under the law of the Commonwealth of Kentucky, a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a felony offense. A police officer also has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer. You are further instructed that, under the law of the Commonwealth of Kentucky, it is a felony offense for a person to traffic in controlled substances. It is a misdemeanor offense for any person to possess a controlled substance. Marijuana is a controlled substance. It is also a misdemeanor offense to possess drug paraphernalia. Bags

- 4 -

intended to package marijuana for sale are drug paraphernalia. Finally, it is a misdemeanor offense to trespass.

The second aspect of the claim is that Gatewood was subjected to an unreasonable search. The Constitution protects every citizen against "unreasonable" searches. Ordinarily, a law enforcement officer has a right to conduct a pat-down search of a person for his or her own safety whenever there is a reasonable suspicion that the person searched may possess a weapon. In addition, if a person consents to a search, law enforcement officers may reasonably and lawfully conduct the search to the extent of the consent which that person gives.

Gatewood must also prove that it is more likely true than not true that the act or failure to act by Officer Matheney was a cause-in-fact of the damage Gatewood suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.

Gatewood must also prove that it is more likely true than not true that the act or failure to act by Officer Matheney was a proximate cause of the damage Gatewood suffered. An act or omission is a proximate cause of an injury or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you find that Gatewood has proven his claim, you must then consider Officer Matheney's defense that her conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that she is therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. The instructions I gave you about the powers of police officers to arrest and search suspects were clearly established at the time.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find that Gatewood has proved either (1) that the defendant was plainly incompetent, or (2) that she knowingly violated the law regarding Gatewood's constitutional rights, you must find for Gatewood. If, however, you find that Officer Matheney had a reasonable belief that her actions did not violate the constitutional rights of Gatewood, then you cannot find her liable even if Gatewood's rights were in fact violated as a result of Officer Matheney's objectively reasonable action.

You will record your verdict on Verdict Form A, then proceed to the next instruction.

<u>Instruction No. 2</u>

*Assault and Battery*

Gregory Gatewood claims that Officer Matheney committed assault and battery. You will find for Gatewood unless you are satisfied from the evidence that upon the occasion in question:

(a) Officer Matheney had reasonable grounds to believe, and in good faith did believe, that Gatewood was trafficking in a controlled substance, or in possession of a controlled substance, or in possession of drug paraphernalia, or trespassing;

AND

(b) Officer Matheney did not use any more force than was necessary, or so appeared to her in the exercise of responsible judgment, in order to arrest Gatewood;

In which event you will find for Officer Matheney.

You will record your verdict on Verdict Form B, then you will proceed to the next instruction.

<u>Instruction No. 3</u>

*Unlawful Imprisonment*

Gregory Gatewood claims that Officer Matheney committed unlawful imprisonment of him.

You will find for Gatewood unless you are satisfied from the evidence as follows:

(a) that when Officer Matheney arrested Gatewood, he was trafficking in controlled substances, or in possession of a controlled substance, or in possession of drug paraphernalia, or trespassing, or that Officer Matheney had reasonable grounds to believe, and did in good faith believe, that he was so doing in her presence;

AND

(b) that Officer Matheney used no more force than was necessary, or appeared to her in the exercise of reasonable judgment to be necessary, in order to effect the arrest of Gatewood;

In which event you will find for Officer Matheney.

You will record your verdict on Verdict Form C.

If you have found for Officer Matheney on Verdict Forms A, B, and C, you will end your deliberations and return to the courtroom. If you have found for Gregory Gatewood on any of Verdict Forms A, B, or C, you will proceed to the next instruction.

- 8 -

Instruction No. 4

*Damages*

If you have found for Gatewood, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of Gatewood's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make a plaintiff whole, or to restore him to the position he would have been in if the incident had not happened.

You should consider the following elements of damages, to the extent you find that Gatewood has established such damages by a preponderance of the evidence:  physical pain and suffering including impairment and inconvenience, and the effect of Gatewood's injuries and inconvenience on the normal pursuits and pleasures of life, and mental pain and suffering.

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate Gatewood for his injuries.

Any award you make to Gatewood is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that Gatewood is entitled to receive without considering the effect of taxes upon it.

If you have found for Gatewood on Verdict Form A, but you find that Gatewood has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar,

- 9 -

because where this occurs, an injury to the person entitled to enjoy that right is established, even when actual damages are not shown to flow from that deprivation.

You will record your award of damages, if any, in the space provided on Verdict Form D.

Instruction No. 5

*Punitive Damages*

In addition to the damages mentioned in Instruction 4, the law permits the jury under certain circumstances to award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

Gatewood has the burden of proving that punitive damages should be awarded, and, if so, the amount of any such damages.

If you have found for Gatewood on Verdict Form A and if Gatewood has proved that the conduct of Officer Matheney was malicious, oppressive, or in reckless disregard of Gatewood's constitutional rights, then you may, but are not required to, award Gatewood an additional amount as punitive damages.

"Malicious" means prompted or accompanied by ill will, or spite, or for the purpose of injuring another person.

"Oppressive" means done in a manner that injures, damages, or otherwise violates the rights of another person with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by taking advantage of some weakness, disability, or misfortune of another person.

"Reckless disregard of a person's rights" means done with complete indifference to the person's rights or in the face of a perceived risk that the conduct will violate the person's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not

reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, you may consider the degree of reprehensibility of Officer Matheney's conduct, how much harm Officer Matheney's conduct caused Gatewood, and what amount of punitive damages is necessary to punish Officer Matheney for her wrongful conduct toward Gatewood and to deter Officer Matheney and others from similar wrongful conduct in the future.

You will record your verdict awarding punitive damages, if any, in the space provided on Verdict Form E.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Verdict forms have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date and sign the forms which set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then return with your verdicts to the courtroom.

## VERDICT FORM A
### *42 U.S.C. § 1983*

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱 | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>GREGORY WILLIAMS GATEWOOD<br><br>v.<br><br>OFFICER KATIE MATHENEY | Docket No.<br><br><br>CIVIL ACTION NO. 3:09CV-299-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**


_____For the plaintiff, Gregory Williams Gatewood.


_____For the defendant, Officer Katie Matheney.


| Foreperson's Signature | Date |
|---|---|

**VERDICT FORM B**
*Assault and Battery*

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱 | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>GREGORY WILLIAMS GATEWOOD<br><br>v.<br><br>OFFICER KATIE MATHENEY | Docket No.<br><br><br>CIVIL ACTION NO. 3:09CV-299-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

_____For the plaintiff, Gregory Williams Gatewood.


_____For the defendant, Officer Katie Matheney.

| Foreperson's Signature | Date |
|---|---|
|  |  |

**VERDICT FORM C**
*Unlawful Imprisonment*

| 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 𝔻𝕚𝕤𝕥𝕣𝕚𝕔𝕥 ℂ𝕠𝕦𝕣𝕥 | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>GREGORY WILLIAMS GATEWOOD<br><br>v.<br><br>OFFICER KATIE MATHENEY | Docket No.<br><br><br>CIVIL ACTION NO. 3:09CV-299-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:

_____For the plaintiff, Gregory Williams Gatewood.

_____For the defendant, Officer Katie Matheney.

| Foreperson's Signature | Date |
|---|---|

**VERDICT FORM D**
*Damages*

| 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔠𝔬𝔲𝔯𝔱 | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>GREGORY WILLIAMS GATEWOOD<br><br>v.<br><br>OFFICER KATIE MATHENEY | Docket No.<br><br><br>CIVIL ACTION NO. 3:09CV-299-S |

What sum or sums do you believe will fairly and reasonably compensate Gregory Williams Gatewood for the injury or injuries you believe from the evidence he sustained as a direct result of the wrongful conduct of Officer Katie Matheney?

        Physical pain and suffering
        including impairment
        and inconvenience, and the effect of
        Gatewood's injuries and inconvenience
        on the normal pursuits and pleasures of life,
        if any                                           $_____

        Mental pain and suffering, if any         $_____

        TOTAL:                       $_____

| Foreperson's Signature<br>Date | |
|---|---|

**VERDICT FORM E**
*Punitive Damages*

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>GREGORY WILLIAMS GATEWOOD<br><br>v.<br><br>OFFICER KATIE MATHENEY | Docket No.<br><br><br>CIVIL ACTION NO. 3:09CV-299-S |

Having awarded at least nominal damages, do you find that punitive damages should be awarded in this case in order to punish Officer Katie Matheney for extraordinary misconduct, as that term has been defined in these instructions, on the occasions about which you have heard evidence?

Yes _____

No _____

$_____

| Foreperson's Signature | Date |
|---|---|